IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **STATE OF OHIO, ex rel.** | : | **CASE NO.:** |
| **MICHAEL DEWINE** | : | |
| **OHIO ATTORNEY GENERAL** | : | |
| **Environmental Enforcement Section** | : | **JUDGE:** |
| **30 E. Broad Street, 25th Floor** | : | |
| **Columbus, Ohio 43215** | : | **COMPLAINT** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **GLOBE MOTORS, INC.** | : | |
| **c/o CT Corporation System** | : | |
| **Statutory Agent** | : | |
| **4400 Easton Commons Way, Suite 125** | : | |
| **Columbus, Ohio 43219** | : | |
| | : | |
| and | : | |
| | : | |
| **NORTHROP GRUMMAN SYSTEMS** | : | |
| **CORPORATION** | : | |
| **c/o CT Corporation System** | : | |
| **Statutory Agent** | : | |
| **4400 Easton Commons Way, Suite 125** | : | |
| **Columbus, Ohio 43219** | : | |
| | : | |
| **Defendants.** | : | |

**NATURE OF THE ACTION**

1.     This is a civil action for cost recovery, injunctive relief, and damages brought by the State of Ohio, on relation of Ohio Attorney General Michael DeWine, at the request of the Director of the Ohio Environmental Protection Agency ("Ohio EPA").

2. Plaintiff, the State of Ohio, ("the State") seeks a declaratory judgment against and reimbursement for its response costs from Defendant Globe Motors, Inc., formerly known as Labinal Components and Systems, Inc., ("Globe Motors") and Defendant Northrop Grumman Systems Corporation, formerly known as TRW, Inc. ("Northrop Grumman") (collectively, "Defendants") incurred, and to be incurred, as a result of wastes disposed at 1784 Stanley Avenue, Dayton, Montgomery County, Ohio 45404, Parcel No. R72-05714-0011 ("Stanley Avenue Property" or "Property"). This relief is sought pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), as amended, 42 U.S.C. § 9601 *et seq.*

3. The State seeks injunctive relief pursuant to Ohio Rev. Code § 6111.07(B) and Ohio Rev. Code Chapter 3767, for the contamination Defendants have caused and/or are responsible for at the Stanley Avenue Property and to the ground water at and migrating from the Property.

4. The State seeks injunctive relief and damages pursuant to common law nuisance and/or common law ultra-hazardous activity for the contamination Defendants have caused and/or are responsible for at the Stanley Avenue Property and to the ground water at and migrating from the Property

**PARTIES**

**A.    Plaintiff and the Plaintiff's Relator**

5. The State holds all natural resources, including the air, lands, and waters located within its political boundaries in trust for the benefit of its citizens. The State is responsible for the health, safety and welfare of the citizens of Ohio. As trustee of the natural resources located

2

within its boundaries, the State owes a fiduciary duty to its citizens to protect and preserve its natural resources. As trustee of these natural resources, the State has been injured by the pollution of these resources with the wastes deposited at the Stanley Avenue Property.

6. The State's Relator is Michael DeWine, Ohio Attorney General. By virtue of his office, Attorney General DeWine is the chief legal officer of the State of Ohio. Relator brings this action on behalf of the State of Ohio and at the request of the Director of Ohio EPA, who is charged under Ohio law with the responsibility of protecting the air, lands and waters located within the State's boundaries from pollution, degradation and contamination.

**B.     Defendants**

7. Globe Motors is a legal entity organized under the laws of the Delaware. Globe Motors is registered as a foreign corporation in the State Ohio.

8. Northrop Grumman is a legal entity organized under the laws of the State of Delaware. Northrop Grumman is registered as a foreign corporation in the State of Ohio.

9. Defendants are each a "person" as defined by 42 U.S.C. § 9601(21) and Ohio Rev. Code § 6111.01(I), Ohio Rev. Code § 3767.01(B), and Ohio Rev. Code § 1.59.

**JURISDICTION**

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), 42 U.S.C. § 9613(b) (CERCLA), and 28 U.S.C. § 2201 (declaratory judgment). Pursuant to 28 U.S.C. § 1367, the Court has jurisdiction over the State's claims under Ohio law (supplemental jurisdiction).

11. At all times relevant to this Complaint, and as discussed below, Defendants have purposefully availed themselves of this forum. The activities (or failures to act) and/or control,

authority, direction, and responsibility over the activities (or failures to act) caused all environmental violations in Ohio as alleged. Defendants have transacted business and/or contracted to supply services or goods in Ohio, or have an interest in, use and/or possess real property in Ohio.

12. As the allegations in the Complaint reveal, the exercise of specific jurisdiction over Defendants is proper and consistent with due process.

## VENUE

13. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) and S.D. Ohio Civ. R. 82.1(e).

## STANLEY AVENUE PROPERTY ALLEGATIONS

14. Prior to 1951, the Stanley Avenue Property was undeveloped farm land.

15. On or about December 29, 1951, Globe Industries, Inc., a predecessor to Northrop Grumman, purchased the Stanley Avenue Property. In 1954, Globe Industries, Inc. began manufacturing electric motor parts.

16. On or about June 30, 1967, TRW, Inc., now known as Northrop Grumman, acquired ownership of Globe Industries, Inc. and the Stanley Avenue Property. TRW, Inc. continued manufacturing electric motor parts.

17. On or about November 24, 1987, Globe Motors acquired the Stanley Avenue Property and two motor divisions of TRW, Inc.

18. Globe Motors owned the Stanley Avenue Property and operated the business on site from on or about November 24, 1987 until September 1991. Globe Motors continued

manufacturing electric motor parts.  Globe Motors ceased operations at the Property in 1991 and sold the Property on or about April 19, 1995.

19. From on or about 1954 until at least September 1991, Defendants stored, used, and disposed of the following Volatile Organic Compounds ("VOCs") at the Stanley Avenue Property: tetrachloroethylene/perchloroethylene ("PCE"); trichloroethylene ("TCE"); and 1,1,1-trichloroethane ("1,1,1-TCA").

20. The disposed PCE is a hazardous substance as defined in 42 U.S.C. § 9601(14).

21. The disposed TCE is a human carcinogen and a hazardous substance as defined in 42 U.S.C. § 9601(14).

22. The disposed 1,1,1-TCA is a hazardous substance as defined in 42 U.S.C. § 9601(14).

23. Human exposure to very high concentrations of PCE, TCE, and/or 1,1,1-TCA can cause some or all of the following:  dizziness, headaches, sleepiness, confusion, nausea, difficulty in speaking and walking, unconsciousness, cancer, and death.  Exposure to PCE and TCE in the first trimester of pregnancy has been associated with an increased risk for fetal heart defects.

24. From 1967 to 1987, TRW, Inc., now known as Northrop Grumman, generated PCE, TCE, and/or 1,1,1-TCA as hazardous wastes at the Stanley Avenue Property.  After the State hazardous waste rules were adopted in 1981, TRW, Inc. was a generator of State regulated hazardous wastes and operated under hazardous waste generator identification number OHD041066325.

25. From 1987 to 1991, Globe Motors was a large quantity generator of State regulated PCE, TCE, and/or 1,1,1-TCA hazardous wastes at the Stanley Avenue Property and operated under hazardous waste generator identification number OHD041066325, the same generator number previously assigned to TRW, Inc, now known as Northrop Grumman.

26. As part of the electric motor operation at the Stanley Avenue Property, Defendants also generated plating waste. Each plating waste, containing concentrations of cadmium and chromium, is a hazardous substance as defined in 42 U.S.C. § 9601(14).

27. From at least 1991 through at least 1994, Globe Motors stored plating wastes in sumps at the Stanley Avenue Property.

28. On May 25, 1994, Bowser-Morner, a consultant of Globe Motors, published, at Defendant Globe Motor's request, the "Report on Phase II Investigation of Former Globe Motors Site" ("Bowser-Morner Report"). Soil sampling and ground water sampling as part of this investigation revealed VOC and metals contamination in soils on-site and VOC contamination in the groundwater beneath the Stanley Avenue Property. In groundwater samples, PCE, TCE, 1,1,1-TCA, as well as 1,1,2-trichloroethane and 1,1-dichloroethene were detected above the levels deemed safe for drinking water, referred to as maximum contaminant levels.

29. On July 7, 2007, groundwater samples were taken on the east side of the Stanley Avenue Property. PCE, TCE, and 1,1,1-TCA were all detected in the groundwater samples above maximum contaminant (safe drinking water) levels.

30. The maximum contaminant levels for PCE, TCE, and 1,1,1-TCA in drinking water, as set forth in Ohio Adm.Code 3745-81-12, are 5.0, 5.0, and 200 micrograms per liter (µg/L), respectively.

31. The United States Environmental Protection Agency ("USEPA") has adopted Regional Screening Levels for soil samples to set goals for initial cleanup and to identify conditions or contaminants that need further examination. As adopted by the USEPA, the screening measures PCE, TCE, and 1,1,1-TCA in the soil at the following levels: 39, 1.9, and 3,600 milligrams per kilogram ("mg/kg"), respectively, for industrial direct contact (hazard index 0.1).

32. USEPA applies stricter screening levels for PCE, TCE, and 1,1,1-TCA when soil leaches to water: 0.0023, 0.0001, and 0.07 mg/kg, respectively. These levels take into account ground-water maximum-contaminant-level exceedances.

33. On December 3, 2012, Ohio EPA conducted sampling at locations identified in the Bowser-Morner Report to evaluate subsurface conditions.

34. Ohio EPA's 2012 sampling showed a source of VOCs on the Stanley Avenue Property. The VOCs were detected in the soil above the screening level for industrial direct contact and/or above their respective leach-based standards at: PCE at 4.77 mg/kg, TCE at 63.5 mg/kg, 1,1,1-TCA at 43.5 mg/kg. The VOCs detected in the groundwater were all above their respective maximum contaminant levels: PCE at 12.8 µg/L; TCE at 237 µg/L; and 1,1,1-TCA at 302 µg/L.

35. On February 14-16, 2017, Ohio EPA conducted a ground water and vapor intrusion investigation on the Stanley Avenue Property. Ground water samples were collected from 14 existing wells on the Stanley Avenue Property. Four vapor samples were collected from beneath the slab of the building on the Stanley Avenue Property and eight indoor air vapor

samples were collected from inside the building. PCE was detected at 7.3 µg/L; TCE at 520 µg/L; and 1,1,1 TCA at 270 µg/L in ground water.

## GENERAL ALLEGATIONS

36. "Hazardous substances" as defined in 42 U.S.C. § 9601(14) were disposed at the Stanley Avenue Property.

37. The Stanley Avenue Property is a "facility" as defined under 42 U.S.C. § 9601(9).

38. Defendant Northrop Grumman owned or operated the Stanley Avenue Property facility during the period that hazardous substances were disposed on the Property under 42 U.S.C. § 9607(A)(2).

39. Defendant Globe Motors owned or operated the Stanley Avenue Property facility during the period that hazardous substances were disposed on the Property under 42 U.S.C. § 9607(A)(2).

40. Ohio EPA has incurred $274,097.96 in response costs, and continues to incur response costs, as the term "response" is defined in 42 U.S.C. § 9601(25), in connection with the Stanley Avenue Property contamination as a result of the disposal of hazardous substances by Defendants.

## WATER POLLUTION ALLEGATIONS

41. The hazardous substances at the Stanley Avenue Property that have been placed, caused to be placed, leached, and/or migrated into the ground water are "pollution," "industrial waste[s]," and/or "other wastes," as defined in Ohio Rev. Code § 6111.01(A), (C), and (D), respectively.

42. Surface waters and ground water at or within the vicinity of the Stanley Avenue Facility are "waters of the State" as defined by Ohio Rev. Code § 6111.01(H).

43. The Stanley Avenue Property is located above the Great Miami Buried Valley Sole Source Aquifer, which is underground water and thus "waters of the State" as defined by Ohio Rev. Code § 6111.01(H).

44. Defendants "cause[d] pollution or placed or caused to be placed" industrial wastes and/or other wastes to soil, ground water, or surface water from the Stanley Avenue Property "in a location where they caused pollution of any waters of the state" under Ohio Rev. Code § 6111.04.

45. The allegations set forth in Paragraphs 1 through 44 are hereby incorporated into each Count of this Complaint as if fully restated therein.

## COUNT ONE

## COST RECOVERY UNDER CERCLA

46. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides liability for costs of response against the following listed persons:

> (1) the owner and operator of a . . . facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of . . .
>
> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility . . . owned or operated by another party or entity and containing such

>   hazardous substances, and
>
> (4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, . . . or sites selected by such person, from which there is a release or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for —
>
>   (A) all costs of removal or remedial action incurred by . . . a state . . . not inconsistent with the national contingency plan . . . [.]

47. Defendants owned or operated the Stanley Avenue Property facility during the time hazardous substances were disposed of at the Property under 42 U.S.C. § 9607(A)(2).

48. The State has responded, as defined by 42 U.S.C. § 9601(25), to releases and/or the threat of releases at the Stanley Avenue Property facility and has incurred response costs not inconsistent with the National Oil and Hazardous Substances Pollution Contingency Plan ("National Contingency Plan").

49. Pursuant to 42 U.S.C. § 9607(a)(2)(A), Defendants are liable for all response costs, not inconsistent with the National Contingency Plan, incurred, and to be incurred, by the State associated with the Stanley Avenue Property facility and any migration of contamination from the Property.

## COUNT TWO

## DISCHARGES OF INDUSTRIAL WASTES AND/OR OTHER WASTES INTO WATERS OF THE STATE

50. Ohio Rev. Code § 6111.04 prohibits any person from causing pollution or placing or causing to be placed any sewage, industrial waste, or other wastes in a location where they cause pollution of any waters of the State.

51. Defendants caused, placed, or caused to be placed industrial wastes and/or other wastes into soils and waters of the State including but not limited to ground water from the Stanley Avenue Property facility.

52. By causing, placing, or causing to be placed, industrial waste and/or other wastes into ground water at, around, and emanating from the Stanley Avenue Property facility, Defendants caused and continue to cause "pollution," as defined by Ohio Rev. Code § 6111.01(A), of waters of the State.

53. The acts and omissions alleged in this Count constitute violations of Ohio Rev. Code §§ 6111.04 and 6111.07(A), for which Defendants are jointly and severally liable and subject to injunctive relief pursuant to Ohio Rev. Code § 6111.07(B).

## COUNT THREE

## STATUTORY NUISANCE

54. Ohio Rev. Code § 3767.13(B) provides that "[n]o person shall cause or allow offal, filth, or noisome substances to be collected or remain in any place to the damage or prejudice of others or of the public."

55. PCE, TCE, 1,1,1-TCA, and/or plating waste at the Stanley Avenue Property are noisome substances.

56. From a date not yet known to Plaintiff, but from as early as 1954 and continuing to the present, Defendants allowed PCE, TCE, 1,1,1-TCA, and/or plating waste to be collected or remain in place at the Stanley Avenue Property to the damage or prejudice of others or of the public.

57. Specifically, the soil and ground water contamination at the Stanley Avenue

11

Property has damaged or prejudiced members of the public who use the Great Miami Buried Valley Sole Source Aquifer for their drinking water.

58. The acts and omissions of Defendants as described in this Count, and the consequences thereof, constitute prohibited acts under Ohio's Nuisance statute, Ohio Rev. Code § 3767.13, for which the Plaintiff is entitled to injunctive relief from Defendants, pursuant to Ohio Rev. Code §§ 3767.03 through 3767.06.

## COUNT FOUR

## COMMON LAW NUISANCE

59. From a date not yet known to Plaintiff, but from as early as 1954 and continuing to the present, Defendants have polluted soils and ground water at the Stanley Avenue Property and failed to remediate the pollution, which interferes with the rights, general health, and welfare of the public, thereby constituting an unreasonable use of property to the detriment of the public.

60. By and through Defendants' conduct as described in this Complaint, Defendants have significantly interfered with the public health, the public peace, the public comfort, the public safety, and/or the public convenience of neighboring residents. Such conduct constitutes a common law public nuisance.

61. As a result of Defendants' activities described in this Complaint, the public, including Ohio EPA, has suffered damages.

62. Defendants knew or had reason to know that the conduct described in this Complaint constitutes a threat to or a significant interference with the rights of the public. By reason of Defendants' continuing nuisance, the public has suffered and continues to suffer damages that are irreparable and cannot be fully compensated by law. Defendants are liable for

compensatory damages.

63. Defendants are responsible for abating this nuisance. The State, through its Attorney General, is authorized to obtain injunctive relief to abate and enjoin this nuisance.

## COUNT FIVE

## COMMON LAW ULTRAHAZARDOUS ACTIVITY

64. A common law ultrahazardous activity exists when a non-natural accumulation of hazardous wastes, hazardous substances, industrial wastes or other waste are allowed to damage soil and ground water causing a threat to the public health.

65. From a date not yet known to Plaintiff, but from as early as 1954 and continuing to the present, Defendants have disposed of, caused and/or allowed the storage, treatment and/or disposal of hazardous wastes and/or hazardous substances, industrial wastes and/or other wastes at the Stanley Avenue Property.

66. Defendants' non-natural accumulation of hazardous wastes, hazardous substances, industrial wastes and/or other wastes at the Stanley Avenue Property has caused damage to soil and ground water at and near the Stanley Avenue Property, causing a threat to public health.

67. Defendants' acts and omissions described in this Complaint and the consequences thereof have constituted a common law ultrahazardous activity, and the citizens of the State of Ohio have suffered damage. Defendants are, therefore, liable for mandatory and prohibitory injunctive relief and for payment to the State of compensatory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the State of Ohio, respectfully requests that the Court:

A. Issue a declaratory judgment pursuant to 28 U.S.C. § 2201 declaring that Defendants, jointly and severally, are liable for all response costs:

- associated with the Stanley Avenue Property for which the Defendants are responsible;
- that have been incurred, or will be incurred, by the State to address the releases and threatened releases of hazardous substances at and migrating from the Stanley Avenue Property; and
- that are not inconsistent with the National Contingency Plan.

B. Pursuant to 42 U.S.C. § 9607, order Defendants, jointly and severally, to reimburse the State for all response costs not inconsistent with the National Contingency Plan that the State has incurred or will be incurred at the Stanley Avenue Property.

C. Pursuant to 42 U.S.C. § 9607, award Plaintiff interest on the response costs it has incurred.

D. Permanently enjoin Defendants from violating Ohio Rev. Code Chapter 6111, the rules promulgated under this Chapter, and any Orders issued by the Director of the Ohio EPA to the Defendants.

E. Pursuant to Ohio Rev. Code §§ 3767.03 through 3767.06, 6111.07(B), common law nuisance, and common law ultrahazardous activity, enjoin Defendants:

- from placing or maintaining industrial wastes and other wastes in places so as to cause contamination of soil, surface waters and ground water;
- to abate all existing contamination or nuisance at the Stanley Avenue Property facility; and
- to conduct an Ohio EPA-approved Remedial Investigation and Feasibility Study, and upon issuance of a Decision Document by the Director, implementation of a Remedial Design and Remedial Action for the Stanley Avenue Property facility, to remediate the soil, ground water and surface water contaminated by hazardous substances, industrial wastes, and other wastes consistent with applicable federal

and state law.

F. Permanently enjoin Defendants, their agents, representatives, employees, successors, or assigns, under the names that they presently use or any other names they use through any corporate or other device, and those acting in concert and participation with Defendants directly or indirectly, from engaging in the acts or practices of which Plaintiff complains.

G. Issue an award of monetary damages against Defendants, jointly and severally, to the State for Defendants' creation of a nuisance and/or maintenance of a nuisance, and for conducting ultrahazardous activity.

H. Order Defendants, jointly and severally, to pay the costs of this action, including reasonable attorneys' fees assessed by the Office of the Ohio Attorney General.

I. Retain jurisdiction of this action for the purpose of making any Order or Decree the Court may deem necessary at any time to enforce and administer Defendants' compliance with, and to carry out, this Court's judgment.

J. Grant any other relief this Court deems to be just, equitable and appropriate in this case.

Respectfully submitted,

**MICHAEL DeWINE**
**OHIO ATTORNEY GENERAL**

 /s/ Timothy J. Kern
Timothy J. Kern (0034629)
Karrie P. Kunkel (0089755)
Assistant Attorneys General
Environmental Enforcement Section
30 East Broad Street, 25th Floor
Columbus, Ohio 43215
Phone:  (614) 466-2766
Fax:  (614) 644-1926
Timothy.Kern@OhioAttorneyGeneral.gov
Karrie.Kunkel@OhioAttorneyGeneral.gov

*Attorneys for Plaintiff, the State of Ohio*