IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STATE OF OHIO, *ex rel.* Dave
Yost, Ohio Attorney General,

    Plaintiff,

v.

GLOBE MOTORS, INC. *et al.*,

    Defendants.

:
:
:
:
:

Case No. 3:18-cv-142

JUDGE WALTER H. RICE

DECISION AND ENTRY SUSTAINING DEFENDANT GLOBE
MOTORS, INC.'S MOTION TO DISMISS COUNT I OF THE
CROSSCLAIMS OF DEFENDANT NORTHROP GRUMMAN SYSTEMS
CORPORATION (DOC. #21)

Plaintiff, State of Ohio, filed suit against Globe Motors, Inc. ("Globe"), and Northrop Grumman Systems Corporation ("NGSC"), formerly known as TRW, Inc., alleging that, from 1954 until 1991, Defendants disposed of hazardous substances on their property, located on Stanley Avenue in Dayton, Ohio (the "Stanley Avenue Property" or the "Site"). Those hazardous substances have been found in the soil and in the groundwater.

The Ohio Environmental Protection Agency ("EPA") has already incurred $274,097.96 in response costs at the Site, and continues to incur response costs. Pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607(a), Plaintiff seeks declaratory

judgment and recovery of its response costs. Plaintiff also seeks injunctive relief and damages under Ohio law. Doc. #1.

Defendant NGSC has filed several cross-claims against Defendant Globe, including a "citizen suit" under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(A). Doc. #14. This matter is currently before the Court on Globe's Motion to Dismiss Count I of the Crossclaims of Defendant Northrup Grumman Systems Corporation, the RCRA claim. Doc. #21.

I.  **Factual and Procedural Background**

According to the Complaint, Globe Industries, Inc., purchased the Stanley Avenue Property in 1951 and began manufacturing electric motor parts in 1954. In 1967, TRW, Inc., a predecessor to NGSC, acquired Globe Industries and the Stanley Avenue Property, and continued operations there. In 1987, Globe Motors (unrelated to Globe Industries, Inc.) acquired the Stanley Avenue Property and two motor divisions of TRW, Inc. Globe continued manufacturing electric motor parts on the Stanley Avenue Property until 1991, and then sold the property in 1995.

NGSC denies that TRW disposed of any hazardous substances at the Stanley Avenue Property. According to NGSC's Cross-Claims, from 1987 until 1995, Globe generated large quantities of hazardous waste, which was stored on the Stanley Avenue Property. NGSC alleges that, when Globe ceased operations in 1991, Globe was required to prepare a written closure plan, conduct closure activities, submit certification of such closure and comply with RCRA regulations

and analogous state law and regulations. NGSC maintains that Globe's failure to comply with these requirements prompted the EPA to file this lawsuit.

NGSC has asserted several cross-claims against Globe: (1) a RCRA "citizen suit"; (2) contribution under CERCLA, 42 U.S.C. § 9613(f); (3) contractual indemnity and breach of contract; (4) common law indemnity; and (5) contribution under Ohio Revised Code § 2307.25. Globe has moved to dismiss the first cross-claim, the RCRA citizen suit. Doc. #21.

## II. Analysis

The Resource Conservation and Recovery Act ("RCRA") was enacted to promote the treatment, storage or disposal of hazardous waste "so as to minimize the present and future threat to human health and the environment." 42 U.S.C. § 6902. The RCRA provision governing "citizen suits" provides, in relevant part, that "any person may commence a civil action on his own behalf . . . against any person . . . who is alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to this chapter." 42 U.S.C. § 6972(a)(1)(A). In a RCRA citizen suit, a district court has authority to grant injunctive relief and to apply civil penalties. 42 U.S.C. § 6972(a). A private party cannot recover past cleanup costs under RCRA. *Meghrig v. KFC Western, Inc.*, 516 U.S. 479, 488 (1996).

In Count I of its Crossclaims, NGSC alleges that, because the United States Environmental Protection Agency has determined that the Ohio EPA's hazardous

3

waste program is consistent with and equivalent to RCRA, 40 C.F.R. § 272.1800-1801, Ohio may administer the RCRA hazardous waste management program, and violations of Ohio's EPA regulations may be enforced by a citizen suit under § 6972(a)(1)(A). Ohio EPA regulations provide that:

> The owner or operator must close his facility in a manner that:
>
> (A) Minimizes the need for further maintenance; and
>
> (B) Controls, minimizes, or eliminates, to the extent necessary to protect human health and the environment, post-closure escape of hazardous waste, hazardous constituents, leachate, contaminated run-off, or hazardous waste decomposition products to the ground water, or surface waters, or to the atmosphere; and
>
> (C) Complies with the closure requirements of rules 3745-66-10 to 3745-66-21, including, but not limited to, the requirements of rules 3745-66-97, 3745-67-28, 3745-67-58, 3745-67-80, 3745-68-10, 3745-68-51, 3745-68-81, 3745-69-04, and 3745-256-102 of the Administrative Code.

Ohio Admin. Code § 3745-66-11. "[A]ll contaminated equipment, structures and soil must be properly disposed of, or decontaminated." Ohio Admin. Code § 3745-66-14.

NGSC alleges that, as a large-quantity generator of hazardous waste, Globe was required to prepare a written closure plan when it ceased operations, was required to treat, remove or dispose of all hazardous waste, and certify to the Ohio EPA that closure was complete. *See* Ohio Admin. Code § 3745-52-34(B). According to NGSC, Globe failed to comply with these requirements when it ceased operations and continues to be in violation of these requirements even

4

though Globe no longer owns the property. Under RCRA, NGSC seeks injunctive relief, civil penalties, attorney fees and expert witness fees. Doc. #14.

### A. Globe's Motion to Dismiss

Globe has moved to dismiss the RCRA citizen suit claim pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). It argues that: (1) NGSC lacks standing to bring this claim; (2) a RCRA citizen suit cannot be brought to enforce a state's hazardous waste program authorized by the United States EPA; (3) wholly-past violations are not actionable; and (4) the RCRA claim is barred because the State of Ohio has commenced and is diligently prosecuting a similar action to require investigation and remediation of the contamination.

For the reasons set forth below, the Court finds that NGSC lacks standing to pursue its RCRA citizen suit. Accordingly, the Court need not address the alternate grounds for dismissal.

### B. Standing

Standing is, of course, a threshold inquiry in every case. Despite the fact that RCRA provides that "any person" may file a citizen suit, NGSC nevertheless must meet the three constitutional standing requirements. It must show: (1) a concrete and particularized, actual or imminent injury-in-fact; (2) fairly traceable to the challenged actions of the opposing party; (3) that is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992).

### 1. Injury-in-Fact?

Globe argues that, because NGSC no longer has any property interest in the Stanley Avenue Property, it cannot show an injury-in-fact. NGSC does not own the property or any nearby property, has no security interest in the property, and does not use the property for recreational purposes. Globe maintains that, because NGSC has no legally-protected property interest that is affected by the alleged violations, there can be no injury-in-fact.

The Court rejects this argument. NGSC alleges that, as a previous owner and operator of the Stanley Avenue Property, it has been named as a potentially responsible party under CERCLA and is subject to ongoing liability for response costs incurred at the Site by the Ohio EPA. In the Court's view, this economic injury is sufficient to establish an injury-in-fact that is both "concrete and particularized" and "actual and imminent." *See, e.g., Kemper Prime Indus. Partners v. Montgomery Watson Ams., Inc.*, No. 97cv4278, 2000 U.S. Dist. LEXIS 11450, *17-18 (N.D. Ill. June 23, 2000) (holding that underlying lawsuit and associated expenses constituted injury-in-fact for standing purposes); *Clean Harbors Servs., Inc. v. Ill. Int'l Port Dist.*, 309 F. Supp. 3d 556, 563 (N.D. Ill. 2018) (finding injury-in-fact where plaintiff alleged that it had incurred, and would continue to incur, substantial costs related to contamination at the Site).

### 2. Fairly Traceable to Globe?

NGSC has also adequately alleged that its injury is fairly traceable to Globe's alleged violations. According to NGSC, it was Globe's failure to comply with the

closure requirements that prompted the Ohio EPA to file this lawsuit, thereby subjecting NGSC to liability.

### 3. Likely to Be Redressed by Favorable Decision?

Even though NGSC has demonstrated an injury-in-fact that is fairly traceable to Globe, it cannot satisfy the final requirement for Article III standing. The economic injury complained of—NGSC's CERCLA liability—will not be redressed by a favorable decision on the RCRA claim. Even if Court grants injunctive relief, ordering Globe to comply with the closure requirements and store, treat or dispose of hazardous waste, or imposes civil penalties on Globe, this has no impact on NGSC's present or future CERCLA liability for response costs at the Site. Under CERCLA, NGSC would still be liable for response costs, assuming that Plaintiff can prove that TRW was an owner or operator of the facility at a time when disposals of hazardous waste occurred. 42 U.S.C. § 9607(a)(2).

NGSC cannot recover past response costs under RCRA. *Meghrig*, 516 U.S. at 488. It argues, however, that a favorable decision will enable it to avoid *future* response costs at the Site. The Court fails to see how this is possible. Regardless of whether the Court orders Globe to remediate the Site or imposes civil penalties against it, NGSC's potential liability for those response costs remains constant. Accordingly, the economic injury complained of will not be redressed by a favorable decision on the RCRA claim.

## III. Conclusion

The Court finds that NGSC lacks standing to pursue its citizen suit under RCRA. On this ground, the Court SUSTAINS Defendant Globe's Motion to Dismiss Count I of the Crossclaims of Defendant NGSC, Doc. #21, and DISMISSES the RCRA claim WITH PREJUDICE.[1]

Date: February 11, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

[1] In its Motion to Dismiss, Globe also argues that, to the extent that NGSC might seek leave to amend to instead assert a cross-claim under Ohio's citizen suit provision, Ohio Rev. Code § 3734.101, such a request should be denied because it would be futile. Given that NGSC has not moved to amend its pleading to assert any such cross-claim, there is no need for the Court to address Globe's request.

8