IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STATE OF OHIO, *ex rel.*
MICHAEL DEWINE, OHIO
ATTORNEY GENERAL,

    Plaintiff,

v.

GLOBE MOTORS, INC., *et al.*,

    Defendants.

:
:
:
:
:

Case No. 3:18-cv-142

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING PLAINTIFF STATE OF OHIO'S MOTION TO STRIKE ELEVEN OF DEFENDANT GLOBE MOTORS, INC.'S DEFENSES (DOC. #28) AND PLAINTIFF STATE OF OHIO'S MOTION TO STRIKE TWENTY-TWO OF DEFENDANT NORTHRUP GRUMMAN SYSTEMS CORPORATION'S DEFENSES (DOC. #29)

---

Plaintiff, State of Ohio, has brought cost recovery claims under § 107(a) of the Comprehensive Environmental Response, Compensation and Recovery Act ("CERCLA"), 42 U.S.C. § 9607(a), against Globe Motors, Inc., and Northrop Grumman Systems Corporation. It has also asserted several state law claims against these Defendants. This matter is currently before the Court on two pending motions: (1) Plaintiff State of Ohio's Motion to Strike Eleven of Defendant Globe Motors, Inc.'s Defenses (Doc. #28); and (2) Plaintiff State of Ohio's Motion to Strike Twenty-Two of Defendant Northrup Grumman Systems Corporation's Defenses (Doc. #29). For the reasons set forth below, both motions are overruled.

Rule 12(f), governing motions to strike, provides as follows:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

As an initial matter, Northrup Grumman argues that Plaintiff's motion to strike should be denied as untimely, having been filed 98 days after Plaintiff was served with the Answer. Northrup Grumman acknowledges that Plaintiff's motion was filed on October 29, 2018, the deadline jointly recommended by the parties, in the original and amended Rule 26(f) Reports, for filing motions directed to the pleadings. It argues, however, that by the time the original Rule 26(f) Report was filed, the 21-day period for filing motions to strike under Rule 12(f) had already expired. In the interest of fairness, the Court will consider the merits of Plaintiff's motion despite its apparent untimeliness. *See Deluca v. Michigan*, No. 06-12552, 2007 WL 1500331, at *1 (E.D. Mich. May 23, 2007) (given that Rule 12(f) allows the court to strike matter *sua sponte* at any time, the court also has authority to consider untimely motions).

In its motions to strike, Plaintiff notes that Defendants have not specified which defenses apply to which claims. Plaintiff generally argues that: (1) some of the defenses asserted are legally insufficient with respect to the CERCLA claim, and should be stricken with prejudice as to that claim; (2) a reservation of the right to amend the Answers to supplement the defenses asserted is improper and should

be stricken with prejudice; and (3) that the defenses asserted fail to meet the "plausibility" standard set forth in *Twombly/Iqbal* and should be stricken without prejudice.[1]

The Sixth Circuit has cautioned that the "drastic" remedy of striking a pleading should be granted "only when the pleading to be stricken has no possible relation to the controversy." *Brown v. Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953). "Motions to strike are viewed with disfavor and are not frequently granted." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). The Court agrees with Defendants that none of the grounds asserted by Plaintiff warrants striking the defenses from the Answers.

While it is true that some of the defenses asserted may be legally insufficient under CERCLA, a strict liability statute, this does not mean that they are also legally insufficient with respect to the state law claims. Because it cannot be said that these defenses have "no possible relation to the controversy," it would be inappropriate to strike them from the Answers.

The Court also rejects Plaintiff's argument that a reservation of the right to amend the Answers to assert additional defenses is *per se* improper. As

---

[1] More specifically, Plaintiff asks the Court to strike Globe Motors' defenses number 4-7, 9-11, 13 and 15 with prejudice, and defenses number 3 and 14 without prejudice. Doc. #28. Plaintiff asks the Court to strike Northrup Grumman's defenses number 9-11, 13, and 18-27 with prejudice, and defenses number 2, 5, 7, 8, 12, 14, 15 and 17 without prejudice.

3

Defendants note, Fed. R. Civ. P. 15(a) expressly permits amendments to be made throughout the course of the litigation "when justice so requires." Accordingly, courts in this district have often refused to strike such a reservation of rights from an Answer. *Sprint Sols., Inc. v. Shoukry*, No. 2:14-cv-00127, 2014 WL 5469877, at *4 (S.D. Ohio Oct. 28, 2014). *See also Hiles v. Army Review Bd. Agency*, No. 1:12-cv-673, 2014 U.S. Dist. LEXIS 171067, at *7 (S.D. Ohio Dec. 10, 2014) ("The Court finds no compelling reason to strike defendant's reservation of its right to amend its answer to raise additional defenses that may become apparent as this litigation proceeds, particularly given that defendant retains this right subject to the Federal Rules and the rules of this Court even absent a reservation of the right.").[2]

The Court turns next to Plaintiff's argument that the defenses asserted fail to satisfy the "plausibility" standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), whereby a complaint must contain "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Although *Twombly* and *Ashcroft* applied this pleading standard only to complaints, Plaintiff seeks to extend it to affirmative defenses.

---

[2] Nevertheless, as Judge Sargus noted in *Sprint Solutions*, "Defendants will be constrained by the limits of Rule 15 and this Court's scheduling order and cannot provide themselves any greater rights by setting forth such assertions in its answer." 2014 WL 5469877, at *4.

4

The Sixth Circuit "has not addressed the precise issue of whether the *Twombly/Iqbal* heightened pleading standard applies to affirmative defenses." *Depositors Ins. Co. v. Estate of Ryan*, 637 F. App'x 864, 869 (6th Cir. 2016). Nevertheless, in *King v. Taylor*, 694 F.3d 650 (6th Cir. 2012), a post-*Iqbal* decision, the court held that a defense alleging that "[t]he Complaint should be dismissed due to insufficient service of process" was pled with "sufficient specificity." *Id.* at 657. The court further noted:

> An answer is no place to lay out the detailed basis for a Rule 12(b) defense. *Cf. Johnson Assocs. Corp. v. HL Operating Corp.*, 680 F.3d 713, 718 (6th Cir.2012) ("The filing of an answer is, after all, the main opportunity for a defendant to give notice of potentially dispositive issues to the plaintiff." (emphasis added)). Details and arguments are what motions are for. Rule 12(h)(1)(B) appears to recognize this point, for it requires a defendant to either (i) "make" an insufficient-service defense in a pre-answer motion or (ii) simply "include" the defense in the answer. The rule gives a defendant the option to preserve the defense in either manner, provided he has not already filed a motion under Rule 12 that did not assert the defense. Requiring motion-like argument in an answer would eliminate the option the rule provides.

*Id.* See also *Montgomery v. Wyeth*, 580 F.3d 455, 468 (6th Cir. 2009) ("The Federal Rules of Civil Procedure do not require a heightened pleading standard for a statute of repose defense.").

My colleagues within this district are split on the question of whether a heightened pleading standard applies to affirmative defenses. *Compare Sprint Solutions*, 2014 WL 5469877, at *2 (S.D. Ohio Oct. 28, 2014) (Sargus, J.) (declining to apply *Twombly/Iqbal* pleading standard to affirmative defenses) *with Doe v. Bd. of Educ. of Highland Local Sch. Dist.*, No. 2:16-cv-254, 2017 WL

5

3588727, at *2 (S.D. Ohio Aug. 21, 2017) (Marbley, J.) (applying *Twombly/Iqbal* pleading standard to affirmative defenses).

Having reviewed the differing rationales, the undersigned joins with those colleagues who have held that the heightened pleading standard does *not* apply to affirmative defenses. As Judge Smith recently noted in *Ruff v. Credit Adjustment, Inc.*, No. 2:18-cv-351, 2018 WL 4019464 (S.D. Ohio Aug. 23, 2018):

> Declining to apply the *Twombly/Iqbal* standard to defenses is consistent with Rule 8. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Conversely, Rule 8(c)(1) merely requires that "[i]n responding to a pleading a party must affirmatively state any avoidance or affirmative defense. . . ."

*Id.* at *2. *See also High 5 Sportswear, Inc. v. High 5 Gear, Inc.*, No. 3:15-CV-00401, 2016 WL 4126518, at *3 (S.D. Ohio Aug. 3, 2016) (Rose, J.) (explaining reasons for rejecting the *Twombly/Iqbal* standard with respect to affirmative defenses).

The Sixth Circuit has held that "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1274). As previously noted, the Sixth Circuit has adhered to this standard even after *Twombly* and *Iqbal*. *See King*, 694 F.3d at 657; *Montgomery*, 580 F.3d at 468.

6

Accordingly, the Court rejects Plaintiff's argument that Defendants' failure to support each stated defense with sufficient factual allegations justifies striking these defenses from the Answers. As noted in *King*, Defendants, in their dispositive motions, will have the opportunity to flesh out the factual allegations to support their defenses. 694 F.3d at 657. The defenses, as alleged in the Answers, are sufficient to give Plaintiffs "fair notice" of the nature of each defense. For now, that is all that is required. Defendants need not "lay out the detailed basis for a Rule 12(b) defense." *Id.* Nor are they required to "expressly link each defense to specific claims." *Sprint Solutions*, 2014 WL 5469877, at *4.

For the reasons stated above, the Court OVERRULES Plaintiff State of Ohio's Motion to Strike Eleven of Defendant Globe Motors, Inc.'s Defenses (Doc. #28); and (2) Plaintiff State of Ohio's Motion to Strike Twenty-Two of Defendant Northrup Grumman Systems Corporation's Defenses (Doc. #29).

Date: July 22, 2019

*(signature)*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

7